Citation Nr: 1722245 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 13-17 538 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


ATTORNEY FOR THE BOARD

A.Spigelman, Associate Counsel


INTRODUCTION

The Veteran had active military service from August 1986 to May 2000.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a July 2016 initial rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

The case was previously before the Board in April 2015, when it was remanded for additional development. The case has now been returned to the Board for further appellate action. 


REMAND

The Board finds that additional development is required to determine whether the Veteran is unable to secure or follow a substantially gainful occupation by reason of service-connected disability. 

The Veteran is service-connected for posttraumatic stress disorder (PTSD), rated 70 percent; hypertension, rated 60 percent; and degenerative joint disease with chondromalacia of the right knee, rated 10 percent. The Veteran's combined rating is 90 percent. Therefore, the Veteran meets the schedular criteria for a TDIU. See 38 C.F.R. §4.16(a) (2016). 

The Board notes that a February 2014 VA examination found that the Veteran could not sustain the stress from a competitive work environment and could not be expected to engage in gainful activity due to his PTSD. The examiner's finding was reinforced by a November 2015 VA Form 21-4192, which indicated that the Veteran's contract with Certified Maintenance Service was terminated in November 2014 because the Veteran could no longer perform his job responsibilities.

However, in a May 2016 VA examination report, the examiner noted that the Veteran's occupational and social impairment more nearly approximated mild or transient symptoms which decreased his ability to perform occupational tasks only during periods of significant stress. Moreover, at a July 2016 VA examination, the Veteran stated that he had headaches due to high blood pressure which caused him to lose focus at work. The Veteran explained that he needed to be focused because he was entering data into and updating accounts and he needed to be careful not to do the wrong things in the wrong accounts. 

While the February 2014 VA examination stated that the Veteran is unable to work due to his PTSD, it is unclear from the Veteran's July 2016 statement whether he is presently engaged in substantially gainful employment or whether his data entry work constitutes marginal employment. Therefore, the Board finds that the issue of entitlement to a TDIU should be remanded to clarify the Veteran's current employment status. 

Additionally, current treatment records should be identified and obtained before a decision is made regarding the outstanding issue on appeal. 

Accordingly, the case is REMANDED for the following action:

1. Identify and obtain any pertinent, outstanding VA and private treatment records not already of record in the claims file.

2. Conduct the appropriate development to update the Veteran's current employment status, to include obtaining a VA Form 21-8940. Attempts to verify the Veteran's employment status should be documented in the claims file. 

3. Then, readjudicate the claim. If the decision is adverse to the Veteran, issue a SSOC and allow the appropriate time for response. Then return the claim to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014). 



_________________________________________________
Kristin Haddock
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).